FILED'10 AUG 03 12:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

CR 07-107-01-MA

OPINION AND ORDER

v.

GORGONIO RUIZ-AVAREZ,

    Defendant.

DWIGHT C. HOLTON
United States Attorney
DAVID L. ATKINSON
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for United States.

Gorgonio Ruiz-Alvarez
MCIJ (Inverness)
# 70236 065
11540 N.E. Inverness Dr.
Portland, OR 97220-9098

    Defendant pro se.

1 - OPINION AND ORDER

MARSH, Judge.

The matter before the court is defendant's Motion for a Speedy Trial, or in the alternative, for Dismissal (doc. 17) of the Indictment. For the reasons below, the court **DENIES** defendant's motion.

## BACKGROUND

On May 24, 2007, defendant pled guilty in this district to two counts of eluding examination under 8 U.S.C. § 1325(a). He was sentenced to concurrent 6 month and 24 month terms of imprisonment, and one year supervised release, including the condition that "[i]f deported, the defendant not reenter the United States without the approval of the Department of Homeland Security and without prior notification to the United States Attorney and the U.S. Probation Officer for the District of Oregon."

On April 2, 2009, after defendant completed his terms of imprisonment, he was deported to Mexico. On May 9, 2009, defendant attempted to reenter the United States in violation of the terms and conditions of his supervised release. Thereafter, defendant was convicted in the Southern District of California of Attempted Entry after Deportation in violation of 18 U.S.C. § 1326(a) and (b).

On August 9, 2009, this Court issued a warrant for defendant's arrest for violation of the conditions of his

supervised release. On September 29, 2009, defendant was sentenced in the District Court for the Southern District of California to 48 months imprisonment and 3 years supervised release. He was then transferred to FCI Schuylkil, Minersville, Pennsylvania, to serve his sentence.

After he filed the pending Motion, defendant was transferred to the District of Oregon pursuant to a Writ of Habeas Corpus Ad Prosecundum and, on July 23, 2010, he was ordered to be detained pending a hearing on the Revocation of Supervised Release charge, which is now scheduled before this court on August 11, 2010.

### DISCUSSION

Defendant contends his right to a speedy hearing on the revocation of his supervised release has been violated because the hearing has not been held within 180 days of the date a detainer was lodged against him on the pending revocation of his supervised release in this district. See Interstate Agreement on Detainers, 18 U.S.C. App. 2, Article III. The Supreme Court, however, has held that the time limitation imposed in Article III does not apply to probation-violation detainers. *Carchman v. Nash*, 473 U.S. 714, 734 (1985). Other federal district courts have applied the Supreme Court's decision in *Carchman* to supervised release violations as well as to probation violations. See *U.S. v. Valenzuela-Ramos*, CR-04-687-PHX-DGC, 2010 WL 1511559 \*1

3 - OPINION AND ORDER

(D. Ariz., April 15, 2010); *United States v. Burnias*, Cr. No. C-99-306 (1), 2007 WL 1813195 *2 (S.D. Tex., June 21, 2007); and *United States v. Garcia-Garcia*, No. 03-CR-30028-01-MJR, 2010 WL 652835 *1 (S.D. Ill. Feb. 19, 2010)(The Interstate Agreement on Detainers Act applies only to substantive criminal charges, not to violations of probation or supervised release). Likewise, this court sees no reason to differentiate between probation and supervised release violations in determining the lack of applicability of Article III(a) of the Interstate Agreement on Detainers.

## CONCLUSION

For these reasons, the court **DENIES** defendant's Motion for a Speedy Trial, or in the alternative, for Dismissal (doc. 17) of the Indictment.

IT IS SO ORDERED.

DATED this 2 day of August, 2010.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States Senior District Judge